Opinion of the Court, by
Ch. J. Boyle.
THIS was a hill in chancery, filed by Dorsey against Burch and Williams, in which he alleges that he purchased of them a negro man at the price of $500, which he paid; and that the slave, at the time of his .purchase, warsubject to fits, and laboring under a consumption, . of which they were apprised, and fraudulently concealed "his unsoundness from him; that having discovered *266 the slave to be unsound, not long after lie purchased 0gere¿ to return to them the slave, and de-i»anded the monej’ he had^paid to be refunded; but that they refused to receive the slave, or to repay him t®e money; and that he has since died with the diseases un^er which he labored at the time of the sale; and he prays for a rescisión of the contract, and that the sum paid by him may be refunded.
in such case, tiie° contract^ is unncoossa-ry,amlthoro-reiief'mif^be hacfatlaw. °
Burch and Williams deny all knowledge of the un-’ soundness of the slave at the time; state that they believe him to have been sound, and protest against the jurisdiction of a court of equity; The circuit court, on a final hearing, decreed the contract to be rescinded, and that Burch and Williams should pay to Dorsey five hundred dollars, with interest and costs of suit; and from that decree Burch and Williams have appealed to this court.
From the evidence in the cause, there is some room to doubt whether the slave was unsound at the time of the sale or not; and it is still more questionable, whether, if he were so, cither Burch or Williams bad any knowledge of the fact or not,, and unless they had known his unsoundness at the time, they could not be guilty of a fraud m not disclosing the fact. But be that as it may, it is not material now to determine; for it is evident that a court of equity has no .jurisdiction of the case. Had the price not been paid by Dorsey, there would have been some pretest for resorting to a court of equity to be relieved from the payment of the money; but as the contract was executed on both sides, the remedy which would be afforded by a court of law, is as adequate to the demands of justice, as any which can be given by a court of equity. The interposition of a court of equity in such a case, for the purpose of rescinding the contract, is unnecessary; for a contract for the sale of a personal chattel, obtained by fraud, may be treated as a nullity in a court of law, by the party injured thereby, and on restoring or offering to restore what he has received, he may maintain his action to recover back that which lie has paid, or at his election he may affirm the contract and recover damages for the fraud, without returning the thing which he may have received. In no point of view, therefore, can the aid of a court of equity be necessary to attain the ends of *267 justice, and in such, a case, a court'of law' ought alone to he resorted to for redress. ' .
The decree must be reversed with- Costs, and th* cause be remanded, that the bill may be dismissed wit¿i costs.